UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEANNA COMSTOCK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON CHILD PROTECTIVE SERVICES,<br><br>　　　　　Defendant. | CASE NO. 3:19-cv-05537-BHS<br><br>ORDER DISMISSING PLAINTIFF'S PROPOSED COMPLAINT WITHOUT PREJUDICE, RENOTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND TO AMEND PROPOSED COMPLAINT |

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* ("IFP") and proposed complaint. *See* Dkts. 1, 1-1, 1-2. Pursuant to Amended General Order 02-19, the District Court has referred plaintiff's application to the undersigned. Because plaintiff's proposed complaint fails to state a claim upon which relief can be granted, it is dismissed with leave to amend. The Court will consider plaintiff's IFP motion once plaintiff has submitted an adequate proposed complaint.

///

## FACTS

Plaintiff filed an IFP application and proposed complaint on June 12, 2019. *See* Dkt. 1-1. The Complaint is difficult to follow, but plaintiff appears to allege that starting on March 18, 2018, defendant State of Washington Child Protection Services ("CPS") trespassed upon plaintiff's property and stole her child, who she alleges is her property. *Id.* at 1. She claims that defendant's actions violated her civil rights and "hippa law" and constituted harassment and perjury. *Id.* at 1.

It appears that defendant placed plaintiff under an administrative "safety plan" pursuant to the policies of Washington State Department of Children, Youth, and Families. *See* WASHINGTON STATE DEP'T OF CHILDREN, YOUTH, & FAMILIES, 2331 CHILD PROTECTIVE SERVICES (CPS) INVESTIGATION (2018).[1] Plaintiff claims that she is "removing myself from CPS's saf[e]ty pla[n]" and that defendant is "now trying to ste[a]l my property." Dkt. 1-1, at 2. Plaintiff seeks $80 for every hour that her child remains in defendant's custody, $371,520,000 in damages, and the return of her "property." *Id.* at 1–2.

## DISCUSSION

Plaintiff seeks to proceed IFP. Therefore, her complaint is subject to *sua sponte* dismissal if it fails to state a claim upon which relief is granted. *See* 28 U.S.C. § 1915(e)(2). However, because plaintiff is *pro se*, if the complaint is subject to dismissal, the Court will afford her the opportunity to amend her complaint unless it is clear that no amendment could save the complaint. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Eleventh Amendment states that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

---

[1] *Available at* https://www.dcyf.wa.gov/practices-and-procedures/2331-child-protective-services-cps-investigation.

Unites States by Citizens of another state[.]" U.S. Const. amend. XI. The language of the Eleventh Amendment does not expressly bar lawsuits brought by citizens against their own state, but federal courts have held that they cannot preside over these disputes. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Here, plaintiff's proposed complaint lists CPS as defendant. *See* Dkt. 1-1, at 1. CPS is an agency of the State of Washington. Following the Eleventh Amendment and subsequent case law, this Court does not have the authority to resolve this dispute between plaintiff (a private citizen) and defendant (a state government agency). *Hennessey v. State of Wash., Dep't of Soc. & Health Servs.*, 627 F. Supp. 137, 139 (E.D. Wash. 1985); *see Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). The Eleventh Amendment bars not only her federal "hippa" claim, but also all of her state law claims of trespass, harassment, and perjury. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Therefore, plaintiff's complaint is subject to dismissal.

If plaintiff wishes to proceed, she must submit a proposed complaint that adequately states the factual allegations and legal argument underlying her claims and address why this case is not barred under the Eleventh Amendment. In addition to citing constitutional amendments and statutes, plaintiff should relate her factual allegations to the elements of the particular type of claim or claims that she intends to bring. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.").

The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete

substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds, Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it states a claim upon which relief can be granted.

Plaintiff's proposed complaint (Dkt. 1-1) is dismissed without prejudice. If plaintiff submits an adequate proposed complaint, then the Court will consider her IFP motion.

The Clerk shall re-note plaintiff's proposed motion (Dkt. 1) for consideration on **July 26, 2019**. Plaintiff shall file an amended proposed complaint no later than **July 26, 2019**. Failure to file an amended proposed complaint or otherwise respond will result in denial of her IFP motion.

Dated this 26th day of June, 2019.

J. Richard Creatura
United States Magistrate Judge