UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEANNA COMSTOCK,

          Plaintiff,

v.

STATE OF WASHINGTON CHILD PROTECTIVE SERVICES,

          Defendant.

CASE NO. 3:19-cv-5537 BHS

ORDER ON MISCELLANEOUS MOTIONS AND GRANTING LEAVE TO AMEND COMPLAINT

The District Court has referred this matter to the undersigned pursuant to General Order 02-19. Before the Court are plaintiff's application to proceed *in forma pauperis* (Dkt. 1), Proposed Amended Complaint (Dkt. 5), and Motion for Default (Dkt. 8).

On June 26, 2019, this Court determined that plaintiff's initial complaint failed to state a claim and granted plaintiff leave to amend her complaint. *See* Dkt. 2. On July 24, 2019, plaintiff timely submitted a Proposed Amended Complaint. Dkt. 5. On August 15, 2019, plaintiff filed a Motion for Default. Dkt. 8. Curiously, defendant has appeared in this matter despite the lack of an operative complaint, issuance of a summons signed by the clerk, and proper service. *See* Dkts. 3, 4, 6, 7; *see also* Fed. R. Civ. P. Rules 4 and 5.

Because plaintiff seeks to proceed IFP, her complaint is subject to *sua sponte* dismissal if it fails to state a claim upon which relief is granted. *See* 28 U.S.C. § 1915(e)(2). However, because plaintiff is *pro se*, if the complaint is subject to dismissal, the Court will afford her the opportunity to amend her complaint unless it is clear that no amendment could save the complaint. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Plaintiff's proposed amended complaint appears to state claims related to her child being removed from her custody by Child Protective Services. The amended complaint does not state a valid claim for relief because plaintiff appears to use a State of Washington form to file her complaint, does not make a short and plain statement of her claim, and does not properly name the persons who allegedly committed the harms for purposes of a § 1983 claim. Nonetheless, because plaintiff's proposed amended complaint appears to attempt to correct the errors from her initial complaint, this Court again grants plaintiff leave to amend her complaint.

## DISCUSSION

### I. Form of Complaint

The first page of plaintiff's amended complaint appears to use a form for the District Court at Pierce County, State of Washington. *See* Dkt. 5 at 1. To the extent that plaintiff intends to file a claim with the State of Washington, rather than in a federal court, plaintiff must submit her claim to the proper court. To file a claim in federal court, plaintiff must direct her claims to the federal district court and must allege a claim that can be brought in federal court. The proper forms and information for *pro se* filers, including a *pro se* handbook, can be found on the district court's website at https://www.wawd.uscourts.gov/representing-yourself-pro-se.

1   At page eight of plaintiff's amended complaint, plaintiff appears to use the proper form for United States District Court for the Western District of Washington, however, the pages of the document appear to be out of order. Dkt. 5 at 8. In her third amended complaint, plaintiff should ensure that the pages of the document are in the proper order.

**II.     Jurisdiction**

Plaintiff states that she has "the right to invoke common law." Dkt. 5 at 20. Only three types of cases may be filed in federal court: (1) Cases where the United States is either the plaintiff or defendant; (2) Cases brought under federal laws; and (3) Cases where the parties reside in different states. Plaintiff also appears to allege a § 1983 civil rights claim, which is based on the "federal question statute, 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.'" *Wright v. Associated Ins. Companies, Inc.*, 29 F.3d 1244, 1250 (7th Cir. 1994) (quoting 28 U.S.C. § 1331). The requirements for bringing a § 1983 claim are discussed further below.

**III.    Defendants and Claims**

Plaintiff appears to name as defendant the State of Washington Child Protective Services ("CPS") (*see* Dkt. 5 at 12), as well as multiple individually named CPS employees, several public defenders, and several case workers and guardians ad litem. Dkt. 5 at 9-11.

Plaintiff states the following claims: "trespassing, stealing property, violating civil right, perjury fraud, [sic] neglected of my property, [denied] right for fair [hearing], and abuse of my property[.]" Dkt. 5 at 11. It appears that plaintiff's "property" refers to her child who was removed from her care by Washington State Child Protective Services. *See* Dkt. 5 at 20 ("my mother she helped cps steal my property. . . [and] they said they would release my property to me and we even did a safety plan . . . my property was still in the hospital"). Plaintiff appears to

claim that an unnamed female committed perjury and fraud by lying on paperwork that plaintiff used illegal substances to induce a judge to sign a court order to remove plaintiff's child from her custody. *See* Dkt. 5 at 26-27. Plaintiff further explains her claims in narrative form, which is difficult to follow (*see* Dkt. 5 at 15-31) and includes seventy-three pages of evidence supporting her claim. *See* Dkt. 5-1.

When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Nonetheless, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Moreover, pro se litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue Service,* 784 F.2d 1006, 1008 (9th Cir. 1986). This Court will not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992).

While the narrative statement plaintiff submitted may be evidence in support of plaintiff's complaint, "the Court cannot glean what claims for relief might lay hidden in the narration provided by plaintiff and it is plaintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005). Therefore, plaintiff's amended complaint should contain simple and direct statements of her claims.

### IV. § 1983 Civil Rights Claim

Plaintiff states that this Court's jurisdiction is based on a federal question. *See* Dkt. 5 at 11; *see also* 28 U.S.C. § 1331. On her civil cover sheet, plaintiff checked the box for "other civil rights" and alleges as her cause of action "violation of civil rights." Dkt. 1-2. In her amended complaint, plaintiff again appears to allege that defendants violated her civil rights stating that "Cps did every intently violating the color of law. In As the same in the case of 1983." Dkt. 5 at 31. Finally, plaintiff included as an attachment to her amended complaint the burden of proof for a §1983 claim. Dkt. 5-1 at 62. Thus, this Court construes plaintiff's complaint, at least in part, as a claim for relief pursuant to 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; (2) the person's conduct must have deprived plaintiff of rights, privileges, or immunities secured by the constitution or laws of the United States, *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, (1980).

Plaintiff has named multiple defendants, including supervisors and attorneys. *See* Dkt. 5 at 9-11. It is difficult to glean from plaintiff's complaint which of the many defendants is being sued for which claim. Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff also names as defendants several CPS employees and supervisors. A § 1983 suit cannot be based on vicarious liability—that is, holding a supervisor responsible for the actions of

his or her subordinate—but must allege that defendant's own conduct violated plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied* 502 U.S. 1074 (1992). At a minimum, a plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.).

Plaintiff also names the Washington State Child Protective Services as a defendant. CPS is not a person for purposes of a § 1983 claim. Neither states nor state officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). This rule applies equally to state agencies. *See Kaimowitz v. Board of Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991).

Therefore, if plaintiff intends to pursue a § 1983 civil rights action in this Court, she must file an amended complaint, and within the amended complaint she must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

This court will allow plaintiff another opportunity to amend her complaint so that she is given an opportunity to clarify her claims.

## CONCLUSION

Plaintiff's Proposed Amended Complaint (Dkt. 5) is DISMISSED without prejudice. Plaintiff is again granted leave to amend her complaint and must do so by September 27, 2019. Failure to properly amend the complaint may result in the denial of plaintiff's IFP application and dismissal of her claim.

Plaintiff's motion for default is premature because plaintiff has been ordered to amend her complaint. Without a valid complaint, no judgment on the matter may be issued. Accordingly, plaintiff's Motion for Default (Dkt. 8) is hereby DENIED.

The Clerk of the Court is directed to note September 27, 2019 as the deadline for plaintiff's second amended complaint.

Dated this 27th day of August, 2019.

J. Richard Creatura
United States Magistrate Judge