UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEANNA COMSTOCK,

    Plaintiff,

v.

STATE OF WASHINGTON CHILD PROTECTIVE SERVICES,

    Defendant.

CASE NO. 3:19-cv-5537 BHS

REPORT AND RECOMMENDATION

NOTED FOR: DECEMBER 6, 2019

    The District Court has referred this matter to the undersigned pursuant to General Order 02-19. Plaintiff, who is *pro se,* filed her initial application to proceed *in forma pauperis* ("IFP") on July 12, 2019. Dkt. 1. Plaintiff's initial complaint failed to state a valid claim and she was granted leave to amend. Dkt. 2. On July 24, 2019, plaintiff submitted a proposed amended complaint. Dkt. 5. Plaintiff's amended complaint again failed to state a valid claim and, because plaintiff was proceeding *pro se,* this Court again granted leave to amend. Dkt. 10. Before the Court is plaintiff's second IFP application and complaint. Dkt. 11.

    Because plaintiff seeks to proceed IFP, her complaint is subject to *sua sponte* dismissal if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). However,

because plaintiff is *pro se*, if the complaint is subject to dismissal, the Court will afford plaintiff the opportunity to amend his complaint unless it is clear that no amendment could save the complaint. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Although pleadings drafted by a party proceeding *pro se* must be read more liberally than pleadings drafted by counsel, a *pro se* litigant is not excused from knowing the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

## DISCUSSION

In plaintiff's second amended complaint, she states that she is "proceeding according to Natural Law" for violations of plaintiff's "unalienable right of due process protected by the 5th and 7th Amendment." Dkt. 11 at 1. Plaintiff further states that she "being a natural person . . . proceeds according to Natural Law independent of enacted law." Dkt. 11 at 2. Liberally construed, this Court interprets plaintiff's statement as a request that this Court not apply the laws of the United States Constitution or other federal laws.

This Court previously instructed plaintiff that:

> Only three types of cases may be filed in federal court: (1) Cases where the United States is either the plaintiff or defendant; (2) Cases brought under federal laws; and (3) Cases where the parties reside in different states. Plaintiff also appears to allege a § 1983 civil rights claim, which is based on the "federal question statute, 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.'" *Wright v. Associated Ins. Companies, Inc.*, 29 F.3d 1244, 1250 (7th Cir. 1994) (quoting 28 U.S.C. § 1331).

Dkt. 10 at 3. Accordingly, plaintiff's request to proceed pursuant to "Natural Law" is denied.

Plaintiff also states that her due process rights were violated when defendants "conspired under color of law in a court of equity and not at law . . . [to] proceed unlawfully carrying plaintiff away to jurisdictions unknown." Dkt. 11 at 2. Plaintiff also alleges that defendants

unlawfully seized plaintiff's "body and/or property in a court of record conspired and devise[d] a plan . . . to bypass [plaintiff's] unalienable right of due process in a court not of record in jurisdictions unknown." Dkt 11 at 2. This Court interprets this to mean that defendants seized plaintiff and her property without due process. It is unclear if plaintiff intends to say that she does not know what "jurisdiction" she or her property are in, or whether defendants alleged unlawful seizure took place in a court of unknown jurisdiction.

Plaintiff later states that she is seeking the return of her property and restitution in the form of car seats for all of her children, including her unborn baby. *See* Dkt. 11 at 3. She also seeks monetary compensation "[f]or leaving her property in a park with a [s]tranger [and that] everybody that was involved in her case when that time happens will get fired and never work with children again" Dkt. 3 at 11. She also wishes "to have a restraining order for [plaintiff] and all of her children[] for Cps wrong doers to stay away from her and her family." Dkt. 11 at 3.

Taken as a whole, this Court interprets plaintiff's complaint as a claim that child protection workers seized plaintiff's children in violation of due process. Although due process rights are protected under federal law, claims involving family matters and the removal of children are properly brought in State family court, not the federal district court. Additionally, the Court will not exercise §1983 jurisdiction over claims involving "Natural Law."

This Court has provided plaintiff two opportunities to amend her complaint. Having failed to state a claim for which relief can be granted in federal court, this Court recommends that plaintiff's application to proceed *in forma pauperis* (Dkt. 1) be denied and the proposed complaints (Dkts. 1-1, 5, 11) be dismissed with prejudice.

## CONCLUSION

This Court recommends that this matter be DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 6, 2019,** as noted in the caption.

Dated this 18th day of November, 2019.

J. Richard Creatura
United States Magistrate Judge